## GEO. EHERT AND WIFE v. H. L. CHAPMAN.

CONDITIONAL SALE. *Mortgage. Rule by which they can be distinguished.* It is often difficult to distinguish whether a conveyance of land is a conditional sale or a mortgage. If the price be settled, and there be not any great disparity between the money advanced and the thing sold, if the receiver of the money be not bound to repay it, and there is no covenant to that effect, and if possession is delivered to the vendee, then it is a sale, and being liable to be defeated by paying a certain sum on a certain day, it is a conditional sale. All these things must concur, otherwise the conveyance is a mortgage.

Cases cited: Hickrew v. Cantrell, 9 Yer., 180; Bennett v. Holt, 2 Yer., 8.

### FROM HAMILTON.

Appeal from the Chancery Court. D. M. KEY, Chancellor.

GASKILL & BURT for complainants.

WHEELER & MARSHALL for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

Complainants file this bill to set up their right to a homestead in a house and lot in Chattanooga, conveyed by complainant, George Ehert, to defendant, H. L. Chapman, on the 28th of December, 1870, Ehert's wife not having joined in the conveyance. They also seek to have the conveyance referred to declared to be a mortgage, and not an absolute conveyance. The chancellor held that complainants were not entitled to a homestead in the lot, and that the deed was to be

regarded as a mortgage; but as Chapman, the mortgagee, had conveyed the lot to Sharp and DeLong for value paid, without notice of the equity of complainant, no relief could be given against them. The relief given was against Chapman, for the difference between the amount loaned, and the value of the house and lot at the time, with an account for rents, etc. Complainants and defendant Chapman appealed. The correctness of the decree on the question, as to the right of complainants to a homestead, is not seriously controverted by complainant's counsel, nor could it be with any success upon the facts in the record. Nor is it controverted that Sharp and DeLong are innocent purchasers without notice. The question controverted is, whether the deed from Ehert to Chapman, on the 28th of December, 1870, is an absolute deed with the privilege of repurchasing, or a mortgage. The deed is absolute on its face, but at the time of its execution Chapman signed and delivered to Ehert the following papers:

"George Ehert, of Chattanooga, Tenn., has this day made me a deed to lot No. 17 Cowart street, and the property is mine, and I am at once to insure the same in some responsible fire insurance company, and am to have the rents of same for one year at least. In consideration of the above I have this day paid off a lien existing on said property for $1,000, created by a deed of trust given by said Ehert to J. M. Armstrong to secure R. L. Walters for said sum. Said Ehert has executed to me a note for $1,100, and if at any time after two months he

shall pay said note due in one year from this date, I agree to reconvey him the property. If said Ehert shall not pay said note within one year, and I shall keep the property and never reconvey to him, then I am to surrender said note."

This paper was dated Dec. 28, 1870, and signed by Chapman. At the same time Ehert executed and delivered to Chapman his note for $1,100, payable at twelve months from date, which note Chapman still holds.

It is a settled rule that in all cases in which a pre-existing debt, or loan made at the time of the purchase, was the consideration of the deed of conveyance, the debt is considered as the thing contracted for, and the estate as collateral thereto. This rule, however, is only applicable to cases where the estate was really intended as security for the payment of money, and not to those when there was no precedent debt and no loan of money, but an honest design to purchase the property with a condition of repurchase. *Hickrew* v. *Cantrell,* 9 Yer., 180. If the real intention of the parties can be gathered from the face of the paper, that intention will determine the true character of the deed.

It is often exceedingly difficult to distinguish between a mortgage and a conditional sale. Judge Haywood said, in *Bennett* v. *Holt,* 2 Yer., 8, that it is generally discoverable from certain symptoms whether or not the intent was to loan money and to secure the payment thereof. If there is a striking disparity in value between the property conveyed and the money

advanced, the probability is it was intended as a se-curity or mortgage. In the present case the amount advanced was $1,000, and the cash value of the lot was at least $1,500, according to the proof. If there is no price fixed on the property, then it was prop-erly a security only. In the present case the price is fixed at $1,100, payable at the end of twelve months, but this is just the amount of the money advanced, with interest at ten per cent. for twelve months. If there is a contract for repaying the money advanced, it is indicative of a mortgage. In this case Chap-man takes Ehert's note, payable in twelve months. It is not in terms a covenant for repayment, but it is a binding promise to pay the amount advanced and interest for twelve months. If possession remains with the maker of the conveyance, this would indicate a mortgage and not a sale. After enumerating these several symptoms, Judge Haywood says: "But if the price be settled, and there be not any great dispar-ity between the money advanced and the thing sold, if the receiver of the money be not bound to repay it, and there is no covenant to that effect, and if possession is delivered to the vendee, then it is a sale, and being liable to be defeated by paying a certain sum on a certain day, it is a conditional sale." All these things must concur, otherwise the conveyance is a mortgage.

Testing the case before us by this rule, and we are forced to the conclusion that the conveyance was made by Ehert with the intent to secure to Chapman the amount of money advanced to remove the lien

from the property, and, therefore, that it was a mortgage, and not a conditional sale. The conclusion is supported by the peculiar terms of the defeasance. If it was intended to be a sale, why does Chapman undertake to have the property insured? Why does he stipulate that he is to have the rents for one year at least? The note executed by Ehert is for $1,100, payable in twelve months, just the amount of the money advanced, and the highest legal interest. Chapman thereby secures not only ten per cent. upon his money, but in addition, the rents for at least one year. By the terms of the defeasance Ehert is not allowed to repay the money until after two months, and if it is paid after two months and within the twelve months, the whole $1,100 is to be paid, and Chapman to receive the rents for a year in addition. These peculiarities in the contract have the appearance of devices to evade laws against usurious loans of money. The parol proof in the case tends to show that Chapman was unwilling to lend Ehert his money and have it secured by mortgage, but as we are bound to carry out the intention of the parties as the same appears in the written contract, we cannot look outside of it for evidence.

Upon the whole, we are of opinion that the decree of the Chancellor is correct, and we affirm it with costs.